COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bumgardner and Lemons


DAVID R. BIRMINGHAM, JR.

v.   Record No. 0219-99-4

CENTURY CONCRETE, INC. AND
 PENNSYLVANIA MANUFACTURERS
 INDEMNITY INSURANCE COMPANY

MEMORANDUM OPINION*
PER CURIAM
JUNE 8, 1999

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(David R. Birmingham, Jr., pro se, on
briefs).

(John S. Nevin; Clarke, Dolph, Rapaport,
Hardy & Hull, P.L.C., on brief), for
appellees.


David Birmingham (claimant) contends that the Workers'
Compensation Commission (commission) erred in finding that he
failed to prove that he was totally disabled after May 19, 1998 as
a result of his compensable February 26, 1997 injury by accident.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit. Accordingly, we
summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below. See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless
we can say as a matter of law that claimant's evidence sustained

_____

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On February 26, 1997, claimant sustained a compensable injury by accident to his face and both hands while working for employer. On April 7, 1998, Dr. Jon Loftus, an orthopedist who examined claimant for bilateral hand problems, opined that claimant was not a surgical candidate.  Dr. Loftus referred claimant to a pain clinic.  On May 19, 1998, claimant received a steroid injection at the pain clinic from Dr. Emmanuel Nebab.  On the May 19, 1998 Post-Procedure Discharge Form, Dr. Nebab discharged claimant and instructed him to return to his "normal activity," except for some minor protective measures for his left hand.

Based upon this medical evidence, the commission, as fact finder, could reasonably infer that claimant was no longer totally disabled as of May 19, 1998.  Accordingly, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.[1]  Therefore, we affirm the commission's decision.

Affirmed.

---

[1]On appeal, we did not consider any evidence that was not properly before the commission when it rendered its decision. Moreover, the commission did not err in refusing to consider Dr. Nebab's October 29, 1998 letter and Dr. Loftus's September 9, 1998 New York Workers' Compensation Board form as after-discovered evidence.  Clearly, Dr. Nebab's opinion could have been obtained prior to the hearing by the exercise of due diligence, and Dr. Loftus's opinion was not relevant and would not have mandated a different result.

-